UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HANNAH FRAZIER** | : | **CIVIL ACTION NO. 21-CV-3948** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed by defendants Board of Supervisors for the University of Louisiana System ("The Board") and James B. Henderson ("Dr. Henderson"). Doc. 7. Plaintiff Hannah Frazier ("Frazier") opposes the motion. Doc. 16. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court.

For the reasons stated herein**, IT IS RECOMMENDED** that the defendants' motion be **DENIED.**

**I.**
**BACKGROUND**

Plaintiff is a current student at McNeese State University ("McNeese") who has Charcot-Marie Tooth Disease, a neuromuscular condition that causes damage to the peripheral nerves outside of the brain and spinal cord. ¶4. Due to her disability, she experiences mobility issues and uses a wheelchair. ¶ 5.

Plaintiff's complaint alleges that the Board and Dr. Henderson, as President and CEO of the University of Louisiana System, discriminated against her by failing to provide accessible facilities at McNeese in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act ("Rehabilitation Act" or "RA"), 29 U.S.C. § 794, *et seq.* Doc. 1. Frazier alleges that, while at the property, she "has encountered numerous architectural barriers while attempting to navigate the Property with her wheelchair" which have caused her difficulty in accessing certain areas and utilizing the services and programs offered on McNeese's campus. *Id.* at ¶¶16-17. She cites several barriers, such as the lack of accessible routes, curb cuts and curb ramps, states that she has had difficulty accessing the Office of Accessibility Services due to a frequently broken elevator, and claims that she has also been unable to access the student organization offices because they are located up a set of stairs. ¶¶ 17-20. She provides a list of 31 additional alleged deficiencies on McNeese's campus. ¶ 37. Frazier alleges that she notified defendants' ADA coordinator via email of her disability and described these barriers. ¶¶ 26-28. The coordinator responded to Frazier, stating that he would forward her list to the proper authorities. ¶ 29. Subsequently, the Vice President for Student Affairs emailed Frazier to ask for a meeting to discuss. ¶ 31. Frazier declined the meeting, stating that she wanted the barriers remedied and asked what steps would be taken to do so and in what time frame. ¶¶ 32-34. Frazier claims she never received a response. ¶ 35. Frazier maintains that she currently visits and will continue to visit McNeese in the future. ¶¶ 15, 22.

Based on these alleged physical barriers to access, plaintiff contends that defendants have discriminated against her, and continue to discriminate against her, by "excluding her from participation in, and denying her the benefits of, the services, programs, and/or activities" at McNeese and "failing to make reasonable modification in policies, practices and procedures"

necessary to accommodate individuals with disabilities. ¶ 42, 43. Plaintiff seeks a declaration that defendants are in violation of Title II of the ADA and the Rehabilitation Act; an injunction requiring defendants to make all "readily achievable" alterations to McNeese and to bring the Property into compliance with the ADA and RA; and an award of attorneys' fees and costs. *Id.* at pp. 18-19. Frazier also seeks compensatory damages from the Board only. ¶¶ 52, 70.

Defendants have moved to dismiss the complaint [doc. 7], arguing that: (1) plaintiff failed to state a claim upon which relief can be granted because she did not meet the requisite pleading standard; (2) plaintiff lacks standing to assert the instant claims; (3) plaintiff failed to allege intentional discrimination necessary to recover compensatory damages; and (4) plaintiff's claims against Dr. Henderson are barred because the *Ex Parte Young* exception to Eleventh Amendment immunity does not apply. *Id.* at att. 1, pp. 5-6.

## II.
### RULE 12(B)(6) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court also reviews such motions "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). While factual assertions are presumed to be true, "labels and conclusions" and "formulaic recitation of the elements of a cause of action" are not enough to withstand a 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' " *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court's task in evaluating a

motion to dismiss under Rule 12(b)(6) is not to evaluate the plaintiff's likelihood of success, but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003) (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (1993)).

### III.
#### APPLICATION OF THE RULE 12 (b)(6) STANDARD TO PLAINTIFF'S STATED CAUSE OF ACTION

**A. The Ex parte Young Exception**

We address defendants' argument regarding the Eleventh Amendment first, as when Eleventh Amendment immunity applies, courts lack subject matter jurisdiction over the claim. *Bryant v. Texas Dept. of Aging and Disability Services*, 781 F.3d 764, 769 (5th Cir. 2015).

The Eleventh Amendment bars suits in federal court by private citizens against nonconsenting states. This immunity extends to protect state officers acting in their official capacities, who, under the principle of state-sovereign immunity, are generally barred from suit. However, "[p]ursuant to the *Ex parte Young* exception, the Eleventh Amendment is not a bar to suits for prospective relief against a state employee acting in his official capacity." *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 321 (5th Cir. 2008).[1]

To determine whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court must first conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon*

---

[1] Immunity of the Board is not at issue. The ADA provides that a state entity is not immune under the Eleventh Amendment for a violation of the ADA; in any such action, remedies (including remedies both at law and in equity) are available for a violation to the same extent as remedies are available for a violation in an action against any public or private entity other than a state. 42 U.S.C.A. § 12202; 28 C.F.R. § 35.178.

*Md., Inc. v. Pub. Serv. Comm'n of Md.*, 122 S.Ct. 1753, 1760 (2002). The alleged violation must be ongoing, as opposed to cases in which federal law has been violated at one time or over a period of time in the past. *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 737 (5th Cir. 2020) (citing *Papasan v. Allain*, 106 S.Ct. 2932, 2940 (1986)). The Fifth Circuit additionally requires that "the state official, by virtue of his office, must have some connection with the enforcement of the challenged act." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019).

Frazier's complaint seeks prospective relief insofar as it asks for declaratory and injunctive relief from Dr. Henderson in his official capacity.[2] The parties agree as much. Doc. 7, att. 1, p. 19. However, defendants argue that plaintiff has failed to allege any violation, either past or ongoing, committed by Dr. Henderson. This argument holds no merit. The complaint clearly alleges that the defendants are "continuing to discriminate" against plaintiff by denying her full access to the programs, services and activities and failing to make the facilities readily accessible in violation of the ADA and Rehabilitation Act. Doc. 1, ¶ 40. This is sufficient to allege an ongoing violation on part of Dr. Henderson.

The complaint goes on to allege that Dr. Henderson "is responsible for the functioning and control of all of the programs and services offered by the Board." Plaintiff argues that, as President and CEO, Dr. Henderson has the requisite enforcement abilities because he "could initiate steps to remedy the physical barriers and bring the campus into compliance with the ADA." Doc. 1, ¶ 8. We agree and, given that the official merely needs to have a "scintilla of enforcement" with respect to the challenged law, plaintiff has adequately alleged that Dr. Henderson was connected with the

---

[2] Plaintiff's seeking attorney's fees and costs are not barred by the Eleventh Amendment if she ultimately obtains prospective injunctive relief. *Jones v. Texas Juvenile Justice Dept.*, 646 F. App'x 374, 377 n.15 (5th Cir. 2016) (citing *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996)).

enforcement of the challenged act. *Paxton*, 943 F.3d at 1002. Accordingly, the *Ex parte Young* exception applies.

### B. Claims Under the ADA and Rehabilitation Act

We now turn to the substance of plaintiff's claims.

Title II of the ADA and § 504 of the Rehabilitation Act prohibit public entities from discriminating on the basis of disability. The ADA establishes that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim for relief under the ADA or the Rehabilitation Act, a plaintiff must allege "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir.2011).

1. Qualifying Disability

Frazier has adequately stated claims for violations of the ADA and Rehabilitation Act. Frazier has alleged that she is a qualified individual with a disability under the ADA, as she has Charcot-Marie-Tooth disease and uses a wheelchair for mobility. *See* 42 U.S.C. § 12102 (explaining that the term "disability" means, with respect to an individual means a physical or mental impairment that substantially limits one or more major life activities of such individual; and explaining that major life activities include "walking, standing, lifting, bending").

2. Discrimination by the Public Entity

She has also alleged that she is being subjected to discrimination by McNeese, by way of both a "program access" violation and failure to provide a reasonable modification. To determine

whether a public entity committed discrimination, the court must examine "the ADA itself and its own definitions of discrimination." *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 672 (5th Cir. 2004). The regulations explain that public entities must comply with the "program access" requirement, which states that a public entity must operate each program, activity, or service so that when viewed in its entirety, each program, activity or service is readily accessible to and usable by individuals with disabilities. 28 C.F.R. § 35.150 (a). Frazier has alleged that there are numerous architectural barriers and inaccessible conditions across the McNeese campus. While the regulations do not "[n]ecessarily require a public entity to make each of its existing facilities accessible to and usable by individuals with disabilities,"[3] each barrier alleged is a building block for a finding that the service, program or activity, viewed in its entirety, is not readily accessible. *Bailey v. Bd. of Commissioners of Louisiana Stadium & Exposition Dist.*, 484 F. Supp. 3d 346 (E.D. La. 2020) (citing *Pascuiti v. New York Yankees*, 87 F.Supp. 2d 221, 224 (S.D.N.Y. 1999). Frazier has alleged several barriers which, viewed in the light most favorable to her, make it plausible that the programs and services offered in their entirety are not readily accessible. She alleges that there is a lack of accessible routes due to non-compliant curb cuts and curb ramps. "[A] sidewalk unambiguously is a service, program, or activity of a public entity." Frame, 657 F.3d at 227. She alleges that she is unable to access the student organization offices and has frequent trouble traveling to the Office of Accessibility Services. Whether these are or are not actually accessible is a fact question inappropriate for summary judgment and at this stage, plaintiff has alleged enough facts that make it plausible that a program access violation has occurred.

Frazier also sufficiently alleges a claim for failure to provide a reasonable modification. The ADA regulations further provide that public entities "shall make reasonable modifications in

---

[3] 28 C.F.R. § 35.150

policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130 (b)(7)(i). For this type of claim, a plaintiff must show that the entity knew of the disability and its consequential limitations, either because the plaintiff requested an accommodation or because the nature of the limitation was open and obvious. *Windham v. Harris County, Texas*, 875 F.3d 229, 236–37 (5th Cir.2017). Plaintiff claims that she identified her disability, the impediment (the architectural barriers to access), and requested a modification in the form of defendants remedying and removing the physical barriers. It is further alleged that defendants have not remedied the barriers or commenced steps to remedy the barriers. The reasonableness of such requests are not at issue at this point, as "[p]laintiff 'does not need to prove the reasonableness of his accommodation request in order to survive a motion to dismiss.'" *Badalamenti v. Louisiana Dep't of Wildlife & Fisheries*, 439 F. Supp. 3d 801, 808 (E.D. La. 2020) (quoting *Falls v. Hous. Auth. of Jefferson Par.*, 2016 WL 1366389, at *6 (E.D. La. 2016)). Frazier has adequately alleged facts such that this court could conclude that defendants have failed to provide a necessary reasonable modification.

### 3. Discrimination is by Reason of Disability

Finally, Frazier has also alleged that the discrimination is by reason of her disability.

"A public entity's failure to make a reasonable modification may satisfy the second and third prongs of the prima facia case." *Block v. Tex. Bd. of Law Exam'rs*, 952 F.3d 613, 618 (5th Cir. 2020). Frazier has sufficiently alleged the public entity's failure to make a reasonable modification. But even further, in relation to her "program access" claim, plaintiff has alleged that she is a current student of McNeese and is otherwise eligible to participate in the services,

programs and activities at McNeese. Plaintiff, however, is unable to participate in such services, programs, and activities because her wheelchair usage prevents her from doing so. By contrast, other students who do not use a wheelchair are able to access these programs and services freely. In other words, Frazier and other students who use a wheelchair do not have an opportunity to participate in a way that is equal to the benefits that the defendants offer to other students. *See Johnson v. Callanen*, 2022 WL 2541357, *5 (W.D. Tex. 2022) (plaintiffs who were otherwise eligible to vote by mail but could not do so without assistance due to visual impairments were being denied the benefit of private mail in voting by reason of disability). Thus, Frazier has been denied the benefit of a readily accessible campus by reason of her disability. *See id*.

### C. Standing

Defendants contend that the plaintiff lacks standing to seek injunctive relief because she has not alleged any actual or imminent injury. "Article III standing requires a plaintiff seeking injunctive relief to allege 'actual or imminent' and not merely 'conjectural or hypothetical' injury." *Frame v. City of Arlington*, 657 F.3d 215, 235 (5th Cir. 2011). Mere "some day" intentions to use a particular service or program, "without any description of concrete plans," does not support standing. *Id*. To have standing, a plaintiff must have a "real or immediate threat that the plaintiff will be wronged again." *City of Los Angeles v. Lyons*, 103 S.Ct. 1660, 1670 (1983).

In *Smith v. France*, the Fifth Circuit found that the plaintiff bringing an ADA claim had standing where she had been to the facility ten to fifteen times in the past and testified that "if the ADA issues were resolved, she would return to the Superdome when it hosts another event that interests her." 850 F. App'x 243, 247 (5th Cir. 2021). Likewise, in *Crawford v. Hinds Cty. Bd. of Supervisors*, the Fifth Circuit found that the plaintiff had standing to pursue removal of ADA barriers at his local courthouse where he had been summoned as a juror in the past and where it

was fairly likely that he would again be called for jury duty. 1 F.4th 371, 376 (5th Cir. 2021). In alleging an actual or imminent injury, the Fifth Circuit has explained that a disabled individual seeking an injunction under the ADA, "need not engage in futile gestures before seeking an injunction; the individual must show only that [the alleged violation] actually affects his activities in some way." *Frame*, 657 F.3d at 236.

In light of the pertinent case law, it is clear that Frazier has standing. She is a current student at McNeese who has been to McNeese "many times in the past" and who plans to "and will" return to McNeese in the near future to utilize the programs and services offered at the university. ¶ 16, 22. She alleges that while at McNeese, she has encountered numerous architectural barriers while attempting to navigate the university utilizing her wheelchair. ¶ 16. These barriers have allegedly affected plaintiff's ability to access and utilize facilities at McNeese and she claims she will also continue to experience serious difficulty in her future visits. Plaintiff has sufficiently alleged actual and/or imminent injury necessary to support standing. *See Tatum v. Bd. of Supe'rs for Univ. of Louisiana Sys.*, 9 F. Supp. 3d 652, 658 (E.D. La. 2014).

### D. *Claim for Compensatory Damages – "Intentional" Discrimination*

Defendants finally argue that at the very least, Frazier's claim for "compensatory damages" should be dismissed.

While a plaintiff's entitlement to equitable relief requires only a showing of the three elements discussed in Part B, *infra*, "[s]uits for money damages under either statute require more." *Miraglia v. Board of Supervisors of Louisiana State Museum*, 901 F.3d 565, 574 (5th Cir. 2018). "A plaintiff can recover money damages only if he proves the defendant committed a violation of the ADA or RA and that the discrimination was intentional." *Id.* The Fifth Circuit has declined to "delineate the precise contours" of intentional discrimination but has stated that intent at least

requires that the defendant "have actual notice of a violation." *Id*. at 575. "The requisite notice comes from the plaintiff's request for an accommodation or from facts establishing that "'the disability, resulting limitation, and necessary reasonable accommodation' were 'open, obvious, and apparent' " to the defendant." *Phillips next friend of J.H. v. Prator*, 2021 WL 3376524, at *3 (5th Cir. 2021) (quoting Smith v. Harris County, 956 F.3d 311, 317-18 (5th Cir. 2020). Additionally, the Fifth Circuit has noted that the "cases to have touched on the issue require 'something more than deliberate indifference.'" *Cadena v. El Paso County*, 946 F.3d 717, 724 (5th Cir. 2020) (quoting *Miraglia*, 901 F.3d at 575).

Intent is quintessentially a fact issue and requires at least some factual development. *Prator*, 2021 WL 3376524 at *3. Thus at the pleading stage, where factual development has not yet occurred, "the question is not whether there is evidence to support the claim of intentional discrimination but whether the complaint plausibly alleges such discrimination." *Id*. At the very least, plaintiff must allege facts that the defendants had actual notice of the violation and that their actions amounted to more than deliberate indifference. *See id*.; *see also Cadena*, 946 F.3d at 724.

Here, it is alleged that defendants had actual notice of a violation. Frazier expressly advised defendants, in writing, of various physical barriers, and requested that defendants these barriers. Despite being aware of the physical barriers and Frazier's need for further accommodation, Frazier claims the defendants did not remedy the barriers or otherwise comply with its affirmative obligation to accommodate. Although defendants argue that plaintiff has not shown intentional discrimination because there was a "genuine willingness" to "openly listen, consider, and investigate Plaintiff's claims," at the motion for dismiss stage, we must accept the alleged facts as true and view them in the light most favorable to the non-moving party. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. The facts alleged by plaintiff indicate that she informed

defendants (through McNeese staff) of her disability and violations at the property and defendants did nothing in response. Accordingly, plaintiff has stated a claim for intentional discrimination.

## IV.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 7) be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 5th day of August, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

Case 2:21-cv-03948-TAD-KK    Document 18    Filed 08/05/22    Page 13 of 13 PageID #: 118